UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYRON LAMONTE BINNS,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., et al.,<br><br>        Defendants. | No.  2:20–cv–1120–TLN–KJN PS<br><br><u>ORDER ON PLAINTIFF'S IFP REQUEST AND ORDER SCREENING COMPLAINT</u><br><br>(ECF Nos. 1, 2.) |

    Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

    The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Here, plaintiff styles his complaint as one alleging violations of his civil rights, and argues the basis for the court's jurisdiction is by federal statute: 42 U.S.C. § 1983.  (See ECF No. 1 at 1.)  However, all of plaintiff's claims sound in state law, as his complaint alleges multiple claims for breach of contract and fraud.  (See Id. at 2-39.)  Plaintiff does not detail any claim under Section 1983, and his checking of the box on the first page (listing 42 U.S.C. § 1983 and 28 U.S.C. § 1343) cannot by itself confer jurisdiction.  Finally, plaintiff's citation to McGee v. International Life Insurance, 355 U.S. 220 (1957), does not confer jurisdiction, as this is a case that reached the U.S. Supreme Court by way of the California and Texas state courts.

Further, even if plaintiff did sufficiently detail a Section 1983 claim in his complaint, it would be clear that this claim would be dismissed, as plaintiff names as defendants an insurance company and many of its employees.  (See ECF No. 1 at 3-5.)  In order to bring a cause of action under Section 1983, the defendant needed to act "under color of state law," and private individuals are generally not liable under Section 1983.  Rabieh v. Paragon Sys. Inc., 316 F. Supp. 3d 1103, 1109 (N.D. Cal. 2018) ("It is generally presumed that private individuals and entities do not act 'under color of state law' within the meaning of § 1983.") (citing Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011)).  Thus, because the only federal claim alluded to in plaintiff's complaint fails, the court has no subject matter jurisdiction over this action.  Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) (subject matter jurisdiction is determined from the face of the complaint).  Further, the court would decline supplemental jurisdiction over these predominately state law claims, as the federal claims have been dismissed and the state law claims for insurance fraud predominate.  See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.").

///

The court will not recommend this case be closed at this time, however, as it may be possible that plaintiff could state facts indicating jurisdiction.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected).  Thus, the court grants leave to amend.  However, if plaintiff finds he cannot state facts indicating the court should have jurisdiction over this matter, he may instead file a notice of voluntary dismissal with this court—leaving him free to file any breach of contract or fraud claims with the Superior Court of California.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction, and the court DECLINES supplemental jurisdiction over plaintiff's state law claims at this time;
3. Plaintiff is GRANTED leave to amend, and shall file with the court, within 21 days, either:
    a. A First Amended Complaint; or
    b. A notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a);
4. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  June 18, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

binn.1120