KEYRON LAMONTE BINNS CDCR #E94600
<u>Name and Prisoner/Booking Number</u>

FOLSOM STATE PRISON   1-A1-20U
<u>Place of Confinement</u>

P.O. Box 950
<u>Mailing Address</u>

Folsom, CA. 95763
<u>City, State, Zip Code</u>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**ORIGINAL**

**FILED**

JUL 3 1 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

KEYRON LAMONTE BINNS (PLT. #1) &
SHARIF ALI GENTRY (PLT. #2)                    )
_____,               )
(Full Name of Plaintiff)        Plaintiff,     )
                                               )
                v.                             )    CASE NO. 2:20-CV-1120-TLN-KJN (PS)
AMERICAN GENERAL LIFE & ACCIDENT               )              (To be supplied by the Clerk)
(1) INSURANCE COMPANY (AIG) et al.  ,          )
(Full Name of Defendant)                       )
                                               )
(2) ANALYST CANDY JOHNSON           ,          )
                                               )    **CIVIL RIGHTS COMPLAINT**
(3) ANALYST SHARITA DOUGLAS-LANE    ,          )    **BY A PRISONER**
                                               )
(4) ANALYST ROSALIND BUSH           ,          )    ☐ Original Complaint
                    Defendant(s).              )    ☒ First Amended Complaint
☒ Check if there are additional Defendants and attach page 1-A listing them.  )    ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    ☒ Other: 28 U.S.C. § 1332; CONSTITUTION OF THE U.S. Art. III § 2 .

2.  Institution/city where violation occurred: AMERICAN GENERAL LIFE & ACCIDENT INS. CO. .

Revised 3/15/2016

## B. DEFENDANTS

1. Name of first Defendant: AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY INCORPORATED INSURANCE COMPANY (AIG) . The first Defendant is employed as:

   _____ at _____.
   
   (Position and Title)                    (Institution)

2. Name of second Defendant: CANDY JOHNSON . The second Defendant is employed as:

   ANALYST, CUSTOMER SOLUTIONS UNIT at INDIVIDUAL   CAPACITIES .
   
   (Position and Title)                    (Institution)

3. Name of third Defendant: SHARITA DOUGLAS-LANE . The third Defendant is employed as:

   ANALYST, CUSTOMER SOLUTIONS UNIT at INDIVIDUAL   CAPACITIES .
   
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: ROSALIND BUSH . The fourth Defendant is employed as:

   ANALYST, CUSTOMER LOLUTIONS UNIT at INDIVIDUAL   CAPACITIES .
   
   (Position and Title)                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## B. DEFENDANTS

5. Name of first Defendant: __ADRIENE WHITFIELD-SWINTON__ The first Defendant is employed as:
__SENIOR ANALYST, CUSTOMER UNIT____ at __INDIVIDUAL & OFFICIAL CAPACITIES__
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

6. Name of second Defendant: __BRIAN DUPERREAULT____. The second Defendant is employed as:
__PRESIDENT & CEO_____ at __INDIVIDUAL_____ __CAPACITIES__
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

7. Name of third Defendant: __MARIA DAY_____. The third Defendant is employed as:
__SENIOR EXECUTIVE ASSISTANT_____ at __INDIVIDUAL_____ __CAPACITIES__
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

8. Name of fourth Defendant: __JANE DOE & JOHN DOE__
　　　　　　　　　　　　　　　　__(8-11)_____. The fourth Defendant is employed as:
_____ at _____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?　　　☐ Yes　　☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

　　a. First prior lawsuit:
　　　　1. Parties: _____ v. _____
　　　　2. Court and case number: _____.
　　　　3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
　　　　_____.

　　b. Second prior lawsuit:
　　　　1. Parties: _____ v. _____
　　　　2. Court and case number: _____.
　　　　3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
　　　　_____.

　　c. Third prior lawsuit:
　　　　1. Parties: _____ v. _____
　　　　2. Court and case number: _____.
　　　　3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
　　　　_____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KEYRON LAMONTE BINNS (PLAINTIFF #1) & |
| All other names by which you have been known: | SHARIF ALI GENTRY (PLAINTIFF #2) 13507 Mistle Toe Avenue Chino, CA. 91710 |
| ID Number | CDCR #E94600 |
| Current Institution | FOLSOM STATE PRISON |
| Address | P.O. Box 950 |

| Folsom, | Calif. | 95763 |
|---|---|---|
| *City* | *State* | *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY (AIG) et.al. |
| Job or Title *(if known)* | INCORPORATED INSURANCE COMPANIES (AIG) |
| Shield Number | STATES OF TENNESSEE & TEXAS AFFILIATES |
| Employer | AIG CONSUMER INSURANCE COMPANY |
| Address | AMERICAN GENERAL CENTER |

| Nashville, | CALIF. | 37250-0001 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity    ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | AIG Analyst CANDY JOHNSON |
| Job or Title *(if known)* | AIG ANALYST |
| Shield Number | |
| Employer | AIG INSURANCE CO. Brentwood, TN. Affil. |
| Address | 340 Seven Springs Way |

| Brentwood | TN. | 37027 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name  AIG Analyst SHARITA DOUGLAS-LANE

Job or Title *(if known)*  AIG ANALYST

Shield Number

Employer  AIG INSURANCE CO. Houston, TX. Affil.

Address  2727A Allen Parkway, 2-B3

Houston,          TX.          77019
City              State          Zip Code

XX Individual capacity    ☐ Official capacity

Defendant No. 4

Name  AIG Analyst ROSALIND BUSH

Job or Title *(if known)*  AIG ANALYST

Shield Number

Employer  AIG INSURANCE CO. Brentwood, TN. Affil.

Address  340 Seven Springs Way

Brentwood          TN.          37027
City              State          Zip Code

XX Individual capacity    ☐ Official capacity

(SEE ATTACHED PAGE FOR OTHER DEFENDANTS)

**II.    Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

X State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

28 U.S.C. § 1332 & CONSTITUTION OF THE UNITED STATES Article III § 2 (BREACH OF CONTRACT, FRAUD, INTENTIONAL/NEGLIGENT MISREPRESENTATIONS) DIVERSITY OF JURSIDICTION & CITIZENSHIP

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

 Name     AIG Analyst ADRIENE WHITFIELD-SWINTON

 Job **or Title**  AIG ANALYST (SENIOR ANALYST)

 Employer    AIG INSURANCE CO. Houston, TX. Affil.

 Address     2727-A Allen Parkway, Mail Code 2B-3

| Houston | TX. | 77019 |
|---|---|---|
| City | State | Zip Code |

[X] Individual Capacity    [ ] Official Capacity

Defendant No. 6

 Name     AIG President & CEO Brian Duperreault

 Job or Title   AIG PRESIDENT & CEO

 Employer    AIG CONSUMER INSURANCE COMPANY

 Address     AMERICAN GENERAL CENTER

| Nashville | CA. | 37250-0001 |
|---|---|---|
| City | State | Zip Code |

[x] Individual Capacity    [ ] Official Capacity

Defendant No. 7

 Name     **Senior Executive** Assis. Maria Day

 Job or Title   SENIOR EXECUTIVE ASSISTANT

 Employer    AIG CONSUMER INSURANCE COMPANY

 Address     AMERICAN GENERAL CENTER

| Nashville | CA. | 37250-0001 |
|---|---|---|
| City | State | Zip Code |

Defendant No. 8

 Name     JOHN DOE (1-10) & JANE DOE (1-10)

 Job or Title

 Employer

 Address

| | | |
|---|---|---|
| City | State | Zip Code |

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☒   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(see STATEMENT OF FACT PGS. 4a-4d)

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

STATEMENT OF FACT

1    Plaintiff's Grandmother (Elizabeth Daw) signed a Contract

2   Agreement with National Life and Accident Insurance Company on

3   August 04, 1954, agreeing to pay Weekly Premiums of $55.00 for the

    next twenty (20) years, and upon this same day Plaintiff's Grand-

4   mother paid an advance premium of $220.00. (see SHARIF'S PACKET Pgs

5   3F-3G, 5A-5T; Laser Copies of both the Insurance Policy & Premium

    Receipt Book to Policy #5433839134: Application to Life Insurance

6   Policy #5433839134)  Plaintiff's Grandmother fulfilled her

7   Contractual Agreement on July 30, 1974, by fully paid-up the

8   Insurance Policy #5433839134. (see SHARIF'S PACKET Pgs. 3H, 5A-5T;

    Laser Copy of the Premuim Receipt Book)  This Policy #5433839134

9   was a Endowment Insurance Policy that matured at age 65 years old

10   (August 16, 2016), with  Anniversaries on every August 16, 1954-

11   2016 (Date of Issue), which Plaintiff's late Mother (Pamela Alice

    Morris, D.O.D December 05, 2017) out lived by just-about 17

12   Months.

13

14    Now Plaintiff #2 (Sharif Ali Gentry) and his Wife (Saterria

15   Gentry) found various papers inside of the Plaintiff's Mothers

    effects alluding to that their is a Insurance Policy with National

16   Life and Accident Insurance Company, but they needed to find out

17   what other Insurance Company had taken over as the new Insurer

    (AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY [AIG]), and

18   reached out to them in December of 2017.  Upon December 27, 2017

19   Plaintiff #2 appeared before an Notary Public in order to have

20   the Plaintiff's Grandmother (Elizabeth Daw, D.O.D Feb. 28, 1984)

21   removed as the Beneficiary, plus have the Plaintiff's replaced as

    the new Beneficiaries, and submitted this nine (9) page document-

22   ation to the Defendant's (AIG) on December 29, 2017. (see SHARIF'S

23   PACKET Pgs. 2A-2I)

24    Defendant's (JOHN DOE OR JANE DOE) on January 08, 2018

25   contacted both Plaintiff's with letters stating the following:

    "For our further consideration of this claim, we need proof of

26   death for PAMELA MORRIS." "If the claim is fifty thousand dollars

    or more, we will need a certified death certificate mailed." (see

27   SHARIF'S PACKET Pg. 1; KEYRON'S PACKET Pg. 1)

28    Upon January 05, 2018 Plaintiff's had to Cremate our Beloved

Mother, because the Defendant's did <u>not</u> make any of the Money available to the Plaintiff's after 64 years had passed, and to date the Defendant's have not payed the <u>Net Single Premium</u>, <u>Nonforfeiture Benefits</u> on a fully <u>paid-up</u> Policy, and failed to pay the (3%) three per cent Interest for the 63 year Life upon the Policy #5433839134 (Now 66 years). (see SHARIF'S PACKET Pgs. 3A-3H; Laser Copy of the Insurance Policy Pgs. 1-4)

Plaintiff #2 in March of 2018 located both the Insurance Policy & Premium Receipt Book to the Policy #5433839134, then forwarded Plaintiff #1 a photo-copy of each on March 29, 2019. (see KEYRON'S PACKET Pg. I; SHARIF'S PACKET Pgs. 3A-3F, 5A-5T; Laser Copies of the Policy & Premium Receipt Book to Policy #5433-839134; Declaration of Authenticity by Sharif Ali Gentry) Plaintiff #1 upon reviewing the Insurance Policy #5433839134 fully understood that the Defendant's (JOHN DOE & JANE DOE) had been Intentionally/Negligently Misrepresenting the truth as follows: (NOTE: Plaintiff's from January through April of 2018 did not know what AIG <u>JOHN DOE OR JANE DOE</u> which were communicating with us!)

"<u>Policy 10/5433839134 is a not an interest bearing policy</u>," (see KEYRON'S PACKET Pg. 6A; SHARIF'S PACKET Pg. 3D; Laser Copy of the Insurance Policy #5433839134 Pg. 2 last paragraph)

"<u>For our further consideration of this claim</u>, we need proof of death for PAMELA MORRIS." "<u>If the claim is fifty thousand dollars or more, we will need a certified death certificate mailed.</u>" (see KEYRON'S PACKET Pg. 1, SHARIF'S PACKET Pg. 1, 3A; Laser Copy of the Insurance Policy #5433839134 Pg. 1 third Sentence [PAYMENT OF ENDOWMENT AT MATURITY])

"<u>We cannot send out copies of policies over ten years old</u>," "<u>but enclosed is the copy of the application for you records.</u>" (see KEYRON'S PACKET Pg. 6; AIG Packet 5/23/2018 Pgs. 4-7 & AIG PACKET 8/27/2018 Pgs. 4-7; Laser Copy of the Insurance Policy #5433839134 Pgs. 1-4)

Plaintiff #1 then reaches out to both the California Department of Insurance (CDI Los Angeles, CDI Sacramento, CDI San Francisco) & Better Business Bureau (BBB Los Angeles, BBB Middle Tennessee) in April of 2018, by first providing each of these Office's with photo-copies of the Insurance Policy #5433839134. (see Laser Copy of Insurance Policy #5433839134 Pgs. 1-4; SHARIF'S PACKET Pgs. 3A-3F; KEYRON'S PACKET Pgs. 1A-2B, 5B,6B-6D;)

The Defendant #2 (Analyst CANDY JOHNSON) pursuant to the California Department of Insurance (CDI Los Angeles) letter of May 02, 2018, tries to submit an fraudulent duplicated/recreated version of the Insurance Policy #5433839134 on 5/23/2018, with the weekly premium changed from $55.00 to "NA," plus intentionall/ negligently misrepresent that Plaintiff's Grandmother paid "annual premium of $28.60 with a paid to date of August 19, 1974." (see AIG PACKET 5/23/2018 Pgs. 1, 7)  Plaintiff #1 then calls out the Defendant #2 (Analyst Candy Johnson) about this Fraud, then the Plaintiff #1 recieves a letter from Defendant #3 (SHARITA DOUGLAS-LANE, Analyst from Houston, TX.) calling an Investigation into Defendant #2 (Candy Johnson, Brentwood, TN.) fraudulent actions. (see KEYRON'S PACKET Pg. 12A)  Plaintiff #1  then recieves a June 26, 2018 letter from Defendant #4 (Analyst Rosalind Bush) also alleging intentional/negligent misrepresentation (Fraud) "The policy was issued with a weekly premium in the amount of $.55¢". "However, the policy was paid annually in the amount of $28.60." Defendant #4 (Analyst Rosalind Bush, Brentwood, TN.) is simply in full agreement with Defendant #2 (Analyst Candy Johnson, Brentwood TN.). (see KEYRON'S PACKET Pgs. 16A, 12A, 19A; AIG PACKET 5/23/ 2018 Pgs. 1,7)  The Defendant #2 on August 17, 2018 recontacts Plaintiff #1, now calling the second Investigation, which was the culprit of the first Investigation. (see KEYRON'S PACKET Pg. 13A) Denfendant #5 (Senior Analyst ADRIENE WHITFIELD-SWINTON, Houston, TX.) tries to submit another fraudulent duplicated/recreated version of the Policy #5433839134, which now changes the weekly premium from $55.00 to ".55¢", but alleges for the first time: "Unfortunately, the Schedule page on the information received did not contain the amount of the weekly premium payable to provide coverage." (see AIG PACKET 8/27/2018 Pgs. 2-3,7)  Then Defendant #2 (Analyst Candy Johnson, Brentwood, TN.) calls for a third Investigation, which were back to back (August 13, 2018 & September 11, 2018), and asto Defendant's #4 & #5 (Analyst Rosalind Bush and  Senior Analyst Adriene Whitfield-Swinton). (see KEYRON'S PACKET Pgs. 14A)

Plaintiff #1 after being quadruple team-up upon by the four Analyst's from two diffrent States (Tennessee & Texas), then on

October 01, 2018 wrote a letter to the President, Secretary, CEO's of American General Life & Accident Insurance Company informing them asto the conduct of their Employee's (Fraud), and then the Defendant #5 (Senior Analyst Adriene Whitfield-Swinton) calls the fourth Invesigation. (see KEYRON'S PACKET Pgs. 20A, 15A)

So Plaintiff #1 has tried to resolve this with the President & CEO Brian Duperreault (Defendant #6) and Senior Executive Assistant Maria Day (Defendant #7). (see KEYRON'S PACKET Pgs. 20A 15A)  NOTE: Plaintiff's would like to file this first Amended Complaint, and now incorporate both Defendant's #6 & #7 by names and titles <u>President & CEO Brian Duperreault</u> & <u>Senior Executive Assistant Maria Day</u> into this Complaint as Defendant's.

Now as <u>the result of the</u> (AIG) Defendant's calling four separate Investigation's, which were directly pursuant to intentional/negligent Fraud by three of the four AIG Analyst's, nothing (No Findings) was ever shared or discussed with the Plaintiff's. (see KEYRON'S PACKET Pgs. 12A, 13A, 14A, and 15A)  Furthermore, on June 05, 2018 (CDI) California Department of Insurance Cynthia Urena (Associate Insurance Compliance Officer) called an Investigation pursuant to Defendant #2 (CANDY JOHNSON) 5/23/2018 submissions (AIG PACKET 5/23/2018 Pgs. 7, 1) of the <u>first</u> duplicated/recreated version of Policy #5433839134, which the <u>Weekly Premium</u> of $55.00 had been intentionally/negligently changed to "<u>NA</u>", and falsely misrepresented that "<u>annual premium's of $28.60 were paid, with a paid to date of August 19, 1974.</u>" Plaintiff's were never advised about any findings made by the (CDI) California Department of Insurance, asto their June 05, 2018 Investigation into multiple Fraud by the Defendant #2 (CANDY JOHNSON). (KEYRON'S PACKET Pgs. 9A, 12A; AIG PACKET 5/23/2018 Pgs. 7, 1 [Paragraph three])  In fact the (CDI) California Department of Insurance never even commented upon these many other Investigations called by the Defendant's (AIG), for the following dates August 13, 2018, September 11, 2018, and October 08, 2018. (see KEYRON'S PACKET Pgs. 13A, 14A, and 15A)  Plaintiff's felt totally abondoned by the (CDI) California Department of Insurance, because the

4d of 40

Defendant's (AIG) simply received pass after pass to being allowed to commit intentional/negligent Fraud, and the (CDI) California Department of Insurance **said** nor **did** absolutely nothing. (see KEYRON'S PACKET Pgs. 9A, 12A, 13A, 14A, and 15A)  Plaintiff's then contacted the Office of the Ombudsman on July 31, 2018 to have an Investigation launched against the (CDI) California Department of Insurance. (see KEYRON'S PACKET Pg. 10A)  Plaintiff's explained in both our initial letter and September 06, 2018 letter that we are in possession of both the original <u>Insurance Policy</u> & <u>Premium Receipt Book</u> to the <u>Policy #5433839134</u>, and would be willing to drive down from Chino California to Los Angeles to allow them to review them both ?  California Department of Insurance (CDI) denied to see the TRUTH, (see KEYRON'S PACKET Pg. 16A) Plaintiff's was left out upon this island alone with a Fortune 500  Corporation, which clearly defrauding Plaintiff's.

## D. CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: <u>BREACH OF CONTRACT</u>
<u>U.S. CONSTITUTION AMEND.FIFTH ,SEVENTH, AND FOURTEENTH VIOLATIONS</u>

2.  **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☒ Other: <u>INSURANCE POLICY #5433839134</u>
    <u>(BREACH OF CONTRACT)</u>

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    <u>Plaintiff's Grandmother (Elizabeth Daw) purchased an Insurance Policy in</u>
    <u>August 04, 1954, for her then 3 years old Child (Pamela Alice Morris),</u>
    <u>this Contract Policy  were initially made between Elizabeth Daw and</u>
    <u>National Life and Accident Insurance Company.  The Contractual Obligations</u>
    <u>was that Plaintiff's Grandmother would pay weekly premiums of $55.00 for</u>
    <u>the next twenty (20) years, and upon August 04, 1954 Plaintiff's Grand-</u>
    <u>mother paid an advance premium of $220.00, then upon July 30, 1974 the</u>
    <u>Contractual Obligation was fully Paid-Up (Policy #5433839134). (see</u>
    <u>SHARIF'S PACKET Pgs. 3G,3H, and 5A-5S, 3A-3F; Laser Copy of both the</u>
    <u>Insurance Policy #5433839134 & Premium Receipt Book)  Elizabeth Daw was the</u>
    <u>initial Beneficiary of this Insurance Policy #5433839134, which died on</u>
    <u>Feb. 28, 1984, and the Insured died almost seventeen (17) Months after</u>
    <u>this Insurance Policy fully reach maturity (August 16, 2016), and Plaintiff's</u>
    <u>really did not no that an Insurance Policy existed. (See Continuation of</u>
    <u>Attachment Pgs.  6 of 40- 13 of 40)</u>

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes  ☒ No
    b.  Did you submit a request for administrative relief on Claim I?   ☐ Yes  ☒ No
    c.  Did you appeal your request for relief on Claim I to the highest level?   ☐ Yes  ☒ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

5 of 40

SHORT TITLE: BINNS & GENTRY V. AMERICAN GENERAL LIFE
& ACCIDENT INSURANCE
COMPANY (AIG)

Case 2:20-cv-01120-TLN-KJN Document 1 Filed 06/31/20 Page 14 of 49

CASE NUMBER
2:20-CV-1120-TLN-KJN PS

(Continuation of Attachment BC-1) __ESSENTIAL TERMS OF THE AGREEMENT__

1  On January 08,2018 the Defendant's[2] (American General Life & Accident

2  Insurance Company) sends both Plaintiff's #1 & #2 letter's acknowled-

3  ging Claim #0018000859 for PAMELA MORRIS (see KEYRON'S PACKET Pg. 1;

4  and SHARIF'S PACKET Pg. 1), at this point neither Plaintiff #1 or #2

5  had "no" ideal asto what the Insurance Policy Claim #0018000859

6  articulated.   Plaintiff's #1 & #2 were simply going by the Defendant's

7  words as the truth, therefore, Plaintiff #1 first letter on January

8  22, 2018 responding back to the Defendant's, Plaintiff #1 requested a

9  copy of the Insurance Policy #0018000859?, as well as wrote to the

10  Coroner Dept. of Los Angeles County trying to obtain an "Ammended

11  Death Certificate" which list the cause of death. (KEYRON'S PACKET Pg.

12  2A-2B)  The Defendant's responded back with only a Check in the amount

13  of $500.60, without any explaination asto what this Check was for ?

14  Then on Feb. 12, 2018 Plaintiff #1 recontact the Defendant's asto the

15  irregularities upon this Check: 1.) a diffrent Claim number[3] #5433839-

16  134, then the Defendant's initial letter Claim number #0018000859;

17  2.) requested  a copy of both of these Claim's ?; 3.) questioning the

18  1% Interest on the $500.00 is not .60¢; Plaintiff #1 also sends a

19  letter to the Registrar-Recorder seeking the cause of death, with the
20  (SEE KEYRON'S PACKET Pg. 3A ; 1A)

21  [2] All references to Defendant's is to (AIG) AMERICAN GENERAL LIFE &
    ACCIDENT INSURANCE COMPANY, references to Plaintiff #1 is to KEYRON
22  LAMONTE BINNS, and references to Plaintiff #2 is to SHARIF ALI GENTRY.

23  [3] The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY Policy #5433839134

24  had an Maturity date of August 16, 2016 (see SHARIF'S PACKET Pg. 3A.

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

6 of 40
Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

1 (Continuation of BC-1)

2 State and County Seal. (see KEYRON'S PACKET Pg. 5A-5B) On March 06,

3 2018 Plaintiff #1 recieves a letter dated for February 21, 2018 from

4 the Defendant's, explaining: "We cannot send out copies of policies

5 over ten years old," "We are no longer requesting the amended death

6 certificate, as we received a short Proof of Death form listing the

7 cause of death as natural and used it to process the claim." "but

8 enclosed is the copy of the application for you records." "Policy

9 10/5433839134 is a not interest bearing policy," (see KEYRON'S PACKET

10 Pg. 6) Now sometimes in March of 2018 Plaintiff #2 (SHARIF ALI

11 GENTRY) finds the original National Life & Accident Insurance Policy

12 #5433839134, plus the Premium Receipt Book to the Policy #5433839134,

13 then mailed copies of both to Plaintiff #1 (KEYRON LAMONTE BINNS) at

14 Folsom State Prison, which Plaintiff #1 picks up on March 29 from

15 (CC1) Correctional Counselor A. TUTER with a "PRIORITY PASS". (see

16 KEYRON'S PACKET I) As a result of Plaintiff #1 reading over the

17 NATIONAL LIFE & ACCIDENT INSURANCE POLICY Claim No. #5433839134, it

18 immediately revealed the following: 1.) The original Insurer that

19 both Plaintiff's #1 & #2 Grandmother (ELIZABETH DAW) entered into the

20 Contract with (see SHARIF'S PACKET Pg. 3A-3H); Policy #5433839134 were

21 an Age 65 year Endowment Life Insurance Claim, with an Maturity date

22 of August 16, 2016 (see SHARIF'S PACKET Pg. 3A and 3F) Payment of

23 Endowment at Maturity-; 2.) The "Terms" of the Entire Contract are

24 explained on (SHARIF'S PACKET Pg. 3B) last paragraph; Life Insurance

25 Policy #5433839134 "is in fact" a Interest bearing Contract, at the

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

SHORT TITLE: Case 2:20-cv-01120-TLN-KJN Document 7 Filed 07/31/20 Page 16 of 49

NATIONAL AMERICAN GENER-
AL LIFE & ACCIDENT
INSURANCE COMPANY

CASE NUMBER:
2:20-CV-1120-TLN-KJN PS

(Continuation of BC-1)

rate of three per cent (3%) per year, "<u>applicable at the Insured's</u>
<u>then attained age, which is the Age of Issue plus the period elapsed</u>
<u>since the Date of Issue.</u>" The <u>Basis of Nonforfeiture Benefits-</u> is
explained as well, (see SHARIF'S PACKET Pgs. 3D, 3E-3F) to obtain any
"<u>value</u>" for the Policy #5433839134, as well as the <u>METHOD OF COMPUT-</u>
<u>ATION</u> : and Plaintiff #1 was also able to determine from the Policy
#5433839134, Application of the Policy #5433839134, and Premium
Receipt Book that <u>WEEKLY PREMIUM</u> of $55.00 were Paid/Paid-Up for
twenty (20) years to National Life and Accident Insurance Company on
July 30, 1974. (see SHARIF'S PACKET Pgs. 3F-3H, 5A-5T)

     Therefore, Plaintiff's #1 & #2 Grandmother (ELIZABETH DAW)
<u>paid-up</u> an Net Single Premium of $57,200.00 into Policy #5433839134,
plus the <u>NONFORFEITURE BENEFITS</u> from Table <u>Age at Issue-3</u> Paid-Up
End't Ins. added together equals $1017.54, and the <u>Pure Endowments</u>
(Values in bold face §) also equals $430.15. Now both the Pure
Endowment of $430.15 and the Paid-Up End't Ins. of $1017.54 are both
added together to equal $1447.69, then the $1447.69 is increased
proportionately (<u>* for example if the maximum Amount of Insurance is</u>
<u>$500.00 the value is multiplied by 5</u>), so the $1447.69 is multiplied
by 14, and now makes the <u>Nonforfeiture Benefits</u> amount to $20,267.66.
Then both the Net Single Premium $57,200.00 and the Nonforfeiture
Benefits are added together to equal $77,467.66, the Nonforfeiture
Factor $1.73087 is computed by the $77,467.66, equals $134,086.45,
and finally 3% Interest is multiplied by $134,086.45 for 63 years

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

(Continuation of BC-1)

approximately amount owed to Plaintiff's #1 & #2 at $838,085.04. (see SHARIF'S PACKET Pgs. 3D-3E) [Those pages speak directly to the values of the Insurance Policy #5433839134, and METHOD OF COMPUTATION]

On April 02, 2018 Plaintiff #1 forwards another letter to Defendant's, because the Defendant's in their February 21, 2018 letter admitting to have received a short Proof Death form, Plaintiff #1 is directly requesting the "Money's" owed ??? (see KEYRON'S PACKET Pgs. 6A, 7A-7B) The Defendant then sends Plaintiff #1 another Check for $501.84 this time around, but never sent Plaintiff #2 (SHARIF ALI GENTRY). Plaintiff #1 never cashed either Check, but simply allowed them both to turn <u>Void After 180 Days</u>. (KEYRON'S PACKET Pgs. 3A, 8A-8B)

On April 25, 2018 Plaintiff #1 reached out to the California Department of Insurance (Los Angeles, Sacramento, and San Francisco Office's) for help with enforcing the Insurance Policy #543383-9134, through writting each Office individually, also providing each Office with a copy of the Insurance Policy #5433839134. (see 119 LEGAL MAIL LOG Pg. 7-8 ) Plaintiff #1 also reached out to the (BBB) Better Business Bureau on April 10, 2018 as well, by sending a copy of the Insurance Policy #5433839134 too. (KEYRON'S PACKET Pgs. 11A-11B)

Upon August 05, 2018 Plaintiff #1 mailed out a photo-copy of the original Policy #5433839134 to the Defendant's (AIG), so they had an opportunity to see that the <u>WEEKLY PREMIUM</u> were $55.00...

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 9 of 40

DEFENDANT'S BREACHED THE AGREEMENT

(Continuation of Attachment BC-2) BY

The Defendant's supplied both Plaintiff's #1 & #2 with atleast three diffrent documentation directly in conflict with their January 08, 2018 letters to both Plaintiff's: First, in the Defendant's submission on May 23, 2018 (AIG PACKET 5/23/2018 Pg. 1) "Company records show that policy 5433839134 matured on August 16, 2016"; Secondly, in the Defendant's July 03, 2016 "Congratulations! Your American General Life Endowment policy is maturing on Aug. 16, 2016." (AIG PACKET 5/23/2018 Pg. 10) ; and Thirdly, in the Defendant's substitute submission on August 27, 2018 (see AIG PACKET 8/27/2018 Pg. 3) "As stated in the Company's letters of May 23, 2018, and June 26, 2018, the policy matured on August 16, 2016". Now on December 27, 2017 Plaintiff #2 under the penalty of prejury sought out a Notary Public in order to have both of the Plaintiff's Grandmother (Elizabeth Daw, D.O.D. 2/28/ 1984) removed as the Beneficiary, and Plaintiff's placed as the new Beneficiaries. (See SHARIF'S PACKET Pg. 2A-2I) The two letters sent by the Defendant's on January 08, 2018 to both Plaintiff's #1 & #2, "For our further consideration of this claim, we need proof of death for PAMELA MORRIS." "If the claim is fifty thousand dollars are more, we will need a certified death certificate mailed." (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1) Intentionally/Negligently were Misrepresentation of the Truth, silent Truth's spoken by the Defendant asto the "Worth of Policy #5433839134" (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1, 2F-2G; AIG PACKET 5/23/2018 Pg. 5-7, 10, 16-17) Defendant's Fraudulently trying to change/alter the WEEKLY PREMIUM

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 10 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY | CASE NUMBER: 2:20-CV-1120-TLN-KJN PS |
|---|---|

(Continuation of Attachment BC-2)

that Plaintiff's Grandmother paid for twenty (20) years (AIG PACKET 5/23/2018 Pgs. 1-2, 7), and also why the Defendant's have tried to deny the three per cent (3%) Interest for the 63 years life of the Policy #5433839134 (see KEYRON'S PACKET Pg. 6A; AIG PACKET 8/27/2018 Pgs. 2-3), and lastly the Defendant's denial of the Nonforfeiture Benefits on a fully PAID-UP Policy #5433839134.  In fact within SHARIF'S PACKET Pg. 3E underneath the chart reflect's:"†Provided the premium payments have been made for stated period.  Values required which are intermediate between those shown shall be determined by interpolation, Values required for policy years subsequent to the twentieth year will be furnished upon written request."  Now in layman terms, this word "subsequent" means that more Money is due to the Plaintiff's after the Policy twenty (20) years are up. (Upon Request!) Plaintiff's Insurance Policy #5433839134 does "not" mention Nonforfei- ture "Options" (see AIG PACKET 8/27/2018 pg. 3; Laser Copy of Insur- ance Policy Pg. 2 [3rd. Paragraph from bottom]), and clearly detail's Nonforfeiture Benefits applies both within & subsequent to the twenty (20) years Life of the Policy #5433839134.

BREACH OF CONTRACTUAL DUTY TO PAY A COVERAGE & INTENTIONAL INTERFER- ENCE WITH CONTRACTUAL RELATIONS.


1.) Defendant's fully understood that their were an Contractual Agree- ment between Plaintiff's Grandmother (Ms. Elizabeth Daw) and National Life and Accident Insurance Company in 1954.  Defendant's also under- stood that Insurance Policy #5433839134 was fully paid-up within the twenty (20) years set-out inside of the Policy #5433839134 agreement, plus had been active atleast 27-30 years before the Defendant's (AIG) took over as the new Insurer's. (1981-1983)  The Insurance Policy #5433839134 had an Anniversiary every August 16, 1954-2016, and three Per cent Interest is added with Net Single Premium, Nonforfeiture Benefit's.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

11 of 40
Page

SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENE-
LIFE & ACCIDENT
INSURANCE COMPANY

CASE NUMBER
2:20-CV-1120-TLN-KJN PS

Case 2:20-cv-01120-TLN-KJN Document 12 Filed 07/31/20 Page 20 of 49

(Continuation of Attachment BC-3)

Defendant's knew that this Insurance Policy/Contract was made on Aug. 04, 1954, plus at this time an Advanced Premium of $220.00 were paid, and that on July 30, 1974 the Policy #5433839134 was fully paid-up.

2.) The Defendant's (AIG) were fully aware that the Insurance Policy #5433839134 had an maturity date of Aug. 16, 2016, because Pamela Morris 65th. Birthdate is on Sept. 15, 2016, and the Defendant's (AIG) alleged that a Maturity letter was sent to Pamela Morris on July 03, 2016. (see AIG PACKET 5/23/2018 pgs. 1-2, 10; AIG PACKET 8/27/2018 pgs. 2-3, 10)

3.) The Defendant's (AIG) forwarded letter's to Plaintiff's #1 & #2 on Jan. 08, 2018, explaining that the Plaintiff's needed to get a Certified Death Certificate which list the cause of death (see KEYRONS PACKET PG. 1; SHARIF'S PACKET Pg. 1), although the Defendant's had Plaintiff #2 (Sharif Ali Gentry) completing a nine (9) page Notary Public on Dec. 27, 2017, which was then submitted to the Defendant's on Dec. 29, 2017, for the purpose of changing over the Beneficiary from Plaintiff's Grandmother (Elizabeth Daw, D.O.D. 2/28/1984) to our Mothers (Pamela Alice Morris, D.O.D. Dec. 05, 2017) Kid's. (see SHARIF'S PACKET Pgs. 2A-2I)

4.) The Defendant's refuse to give the Plaintiff's a copy of the Insurance Policy/Contract, although we made many request. (see KEYRONS PACKET Pg. 6A)

5.) Now sometimes in March of 2018 Plaintiff #2 (Sharif Ali Gentry) finds both the original Insurance Policy/Contract & the Premium Reciept Book, then mailed off a copy of each to Plaintiff #1 (Keyron L. Binns) here at Folsom State Prison, which I then picked up on March 29, 2018 from (CC1) Correctional Counselor with a Priority Pass (Death in the Family Notification; see KEYRON'S PACKET Pg. I)

6.) Plaintiff #1 Contacts both (CDI) California Department of Insur- ance & the (BBB) Better Business Bureau in April of 2018, forwards each Office's photo-copies of the Insurance Policy, upon requesting their HELP. (KEYRON'S PACKET Pgs. 11A-11B)

7.) Defendant's (AIG) pursuant to (CDI) contacting them upon the Plaintiff's behalf, forwards AIG PACKET 5/23/2018 to Plaintiff's, which the Defendant's allege that our Grandmother paid annual premium of $28.60, and changes/alter's the WEEKLY PREMIUM of $55.00 to now reflect "N/A" (see AIG PACKET 5/23/2018 Pgs. 1, 7), Plaintiff's calls out the Defendant's upon this FRAUD.

8.) Defendant's (AIG) backs away from their previous misrepresentations by now comming forward with AIG PACKET 8/27/2018, where the Defendants allege for the first time "Unfortunately, the Schedule page on the info. received did not contain the amount of weekly premium payable to

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 12 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

(Continuation of Attachment B C-3)

provide coverage." "The Company has reviewed your concerns and has enclosed a revised recreation of the policy with the amount of the weekly premium." "The information required to prepare the duplicate was confirmed by the policy application, which is a part of the policy file." "•Weekly Premium: .55 (please note the placement of the .55 on the application)" (see AIG PACKET 8/27/2018 Pgs. 2, 7-8) YES the Defendant's again alter's/changes the WEEKLY PREMIUM for a second time, even after admitting that what were left to them did not contained the information in the area of the weekly premium. However, on August 05, 2018 Plaintiff #1 provided the Defendant's with a photo-copy of the original Insurance Policy. (see KEYRON'S PACKET Pg. 19A), more then a Month before the Defendant's committed FRAUD AGAIN, by submitting their AIG PACKET 8/27/2018 to the Plaintiff's, which was the very reason why the Defendant's called another INVESTIGATION for August 13, 2018. (see KEYRON'S PACKET Pg. 13A)

9.) The Defendant's two submissions of AIG PACKET 5/23/2018 & AIG PACKET 8/27/2018 sum's up why none of the Contract Value's were "not" Paid: "•Weekly Premium: .55 (please note the placement of the .55 on the application)" "The information required to prepare the duplicate was confirmed by the policy application, which is a part of the policy file." "Therefore, after the 20th. policy year, the nonforfeiture "options" of extended term insurance and paid-up endowment insurance were no longer applicable as premiums were no longer due." "You also stated your concerns regarding the informa-tion provided on page 2 of the enclosed policy wherein it states all values and net premiums that are calculated in the Table of Nonfor-feiture Benefits are based on the 1941 Standard Industrial Mortality Table with interest at 3 percent per year." "The statement is referring to the calculation of the Table of Nonforfeiture Benefits and does not apply to interest paid on the death benefit.


       Now if Plaintiff #2 never finds the Insurance Policy
#5433839134 in March 2018 (Premium Reciept Book #5433839134), Plaint-
iff's would have had to continue to be mislead by the Defendant's
word's as the truth, it's clear the Defendant's is trying to deny all
the many ways this Policy #5433839134 Pays out. Have not fullfilled
NONE of the obligation's under the Contractual Agreement, which left
my Family "NO" alternative but to have our Mother body Cremated...
Where did the Defendant's ever tell our family the TRUTH ????????
We still have a Investigation going with (IRS) against the Defendant's
too. (see KEYRON'S PACKET Pgs. 21)  Pursue Criminal charges too!!!

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.      Page 13 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

**CLAIM II**                    INTENTIONAL &
                               NEGLIGENT
1.   State the constitutional or other federal civil right that was violated:   FRAUD   MISREPRESENTATION
U.S. CONSTITUTION AMEND. FIFTH , SEVENTH, AND FOURTEENTH VIOLATIONS               .

2.   **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities        ☐ Mail              ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety  ☒ Other: INSURANCE POLICY #5433839134
                                                    (FRAUD)

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Plaintiff's contend that the Defendant's (AMERICAN GENERAL LIFE & ACCIDENT
INSURANCE COMPANY) both intentionally/negligently misrepresented in their
February 21, 2018 letter the following: "We cannot send out copies of
policies over ten years old, but enclosed is the copy of the application
for you records." "We are no longer requesting the amended death certif-
icate as we received a short Proof of Death form listing the cause of death
as natural and used it to process the claim."  (see KEYRON'S PACKET Pg. 6A)
As the result's of Plaintiff #1 contacting (CDI) California Department of
Insurance (Los Angeles, Sacramento, and San Francisco) for help in making
the Defendant abide by the Contractual Agreement #5433839134, and pay both
Plaintiff's #1 & #2 what was really owed.  Defendant #2 (Candy Johnson) then
upon May 23, 2018 submitt's an fraudulent version of Policy #5433839134,
Where the weekly premiums had been intentionally/negligently altered to now
reflect "NA". (see AIG PACKET 5/23/2018 Pgs. 1-7)  Then 4 Months & 5 days
down the road (August 27, 2018) Defendant #5 (Senior Analyst Adriene
Whitfield-Swinton) also submitt's an fraudulent version of Policy #543383-
9134, where the weekly premiums had been intentionally/negligently altered
for the second time to reflect ".55¢". (see AIG PACKET 8/27/2018 Pgs. 2-7).
(See Continuation of Attachment FR-2.a Pgs. 13 of 40- 26 of 40)

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                        ☐ Yes  ☒ No
   b.   Did you submit a request for administrative relief on Claim II?      ☐ Yes  ☒ No
   c.   Did you appeal your request for relief on Claim II to the highest level?  ☐ Yes  ☒ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.

INTENTIONAL & NEGLIGENT
(Continuation of Attachment FR-2.a) <u>MISREPRESENTATION</u>

"<u>Policy 10/5433839134 is a not an interest bearing policy</u>," (see

KEYRON'S PACKET Pg. 6A) The Defendant's also in their initial letters

to both Plaintiff's #1 & #2 dated for January 08, 2018 Intentionally/

Negligently Misrepresented the following: "<u>For our further consider-</u>

<u>ation of this claim, we need proof of death for PAMELA MORRIS</u>." "<u>If</u>

<u>the claim is fifty thousand dollars or more, we will need a certified</u>

<u>death certificate mailed</u>." (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET

Pg. 1)

Defendant's on May 23, 2018 submitted what will be called

as (AIG PACKET 5/23/2018), which in the Defendant's words a: "<u>response</u>

<u>to your correspondence dated May 2, 2018 received from the California</u>

<u>Department of Insurance on your behalf</u>." Intentionally/Negligently

Misrepresented the following: "<u>The policy had an annual premium of</u>

<u>$28.60 with a paid to date of August 19, 1974</u>." "<u>Enclosed is a dupli-</u>

<u>cate of the policy, which is a recreation of the policy as of the</u>

<u>current date according to the Company's records</u>." "<u>Per the policy</u>

<u>provisions, if the insured is living on the anniversary of the date of</u>

<u>issue immediately preceding the insureds 65th. birthday and all</u>

<u>premiums required have been paid, the Company will pay the insured the</u>

<u>amount of insurance as an endowment</u>." "<u>Company records show that policy</u>

<u>5433839134 matured on August 16, 2016</u>." (see AIG PACKET 5/23/2018 Pg.1)

"<u>Company records also indicate a maturity letter was mailed to Pamela</u>

<u>Morris on July 3, 2016 [enclosure 2]; however, Company records do not</u>

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 15 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

(Continuation of Attachment FR-2.a)

show that a completed maturity form was received by the Company.  As

such, the funds remained with the Company as an unpaid endowment."

"As policy 5433839134 had a death benefit of $1,000.00, a certified

death certificate was not required, only the requested proof of

death."  "The Company received proof of death documents on January 5,

2018 and January 9, 2018[enclosures 6-7]. The claim was processed on

january 16, 2018, and Company check 11095175 in the amount of $500.60

was issued to you at 300 Prison Rd., Represa, CA. 95671.  The remain-

ing benefit was paid to other beneficiary, Sarif Gentry.  A total of

$1,001.28 ($1,000.00 death benefit+$1.28 in state interest) was paid

out on the policy."  "The Company received the enclosed correspond-

ence from you on April 9, 2018[enclosure 8].  Because you were

questioning the claim payment in your correspondence, the claims

representative assumed you had not received the check issued to you

on January 16, 2018.  As such, the claims representative canceled

the January 16, 2018 check and reissued Company check 1196872 in the

amount of $501.84 to you on April 17, 2018." (see AIG PACKET 5/23/

2018 Pg. 2)


　　　　The Defendant's aIso Intentionally/Negligently tries to

Misrepresent their duplicated/recreated version of the Policy #5433-

839134, with the WEEKLY PREMIUM only changed/altered to reflect "N/A"

to conveniently support the Defendant's made-up $28.60 annual premium

alleged to have been paid. (see AIG PACKET 5/23/2018 Pgs. 1, 4-8)


*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 16of40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

(Continuation of Attachment FR-2.a)

Defendant's on August 27, 2018 submitted what will be called as (AIG PACKET 8/27/2018), which in the Defendant's words: "We appreciate the opportunity to address your additional concerns regarding the issuance of the duplicate policy enclosed with the Company's correspondence dated May 23, 2018." "Policy 5433839134 was originally issued by The National Life and Accident Insurance Company of Nashville, Tennessee effective August 16, 1954. As this policy was issued by another company over 50 years ago, the Company does not have the software to issue a duplicate policy from the system. Therefore, the information previously provided was a manual recreation of the policy terms and conditions. Unfortunately, the Schedule page on the information received did not contain the amount of the weekly premium payable to provide coverage." "The Company has reviewed your concerns and has enclosed a revised recreation of the policy with the amount of the weekly premium. The information required to prepare the duplicate was confirmed by the policy application, which is a part of the policy file. Please see the enclosed application for insurance to The National Life and Accident Insurance Company with the noted policy number of 543383-9134." ·Weekly Premium: .55 (please noté the placement of the .55 on the application) (see AIG PACKET Pg. 1) "The Table of Nonforfeit-ure Benefits as mentioned in the policy provides the extended term insurance, paid-up endowment insurance, and cash surrender value for a specified period." "Therefore, after 20th policy year, the

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___ 17 of 40

(Continuation of Attachment FR-2.a)

nonforfeiture options of extended term insurance and paid-up endow-
ment insurance were no longer applicable as premiums were no longer
due." "You also stated your concerns regarding the information
provided on page 2 of the enclosed policy wherein it states all values
and net premiums that are calculated in the Table of Nonforfeiture
Benefits are based on the 1941 Standard Industrial Mortality Table
with interest at 3 percent per year.  The statement is referring to
the calculation of the Table of Nonforfeiture Benefits and does not
apply to interest paid on the death benefit." (see AIG PACKET 8/27/
2018 Pg. 2)

          The Defendant's also Intentionally/Negligently tries to
Misrepresent their duplicated/recreated version of the Policy #5433-
839134 a second time, with the WEEKLY PREMIUM only changed/altered
to now reflect ".55¢" to conveniently now try to admit "the Schedule
page on the information received did not contain the amount of the
weekly premium payable to provide coverage." (see AIG PACKET 8/27/
2018 Pgs. 4-7)  Although, now admitting for the first time that
"Policy 5433839134 was originally issued by The National Life and
Accident Insurance Company of Nashville," and secondly, "Unfortunat-
ely, the Schedule page on the information received did not contain
the amount of the weekly premium payable to provide coverage." (see
AIG PACKET 8/27/2018 Pg. 2-3)

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 18 of 40

Form Approved by the
Judicial Council of California          **ADDITIONAL PAGE**
MC-020 [New January 1, 1987]     Attach to Judicial Council Form or Other Court Paper          CRC 201, 501

SHORT TITLE: Case 2:20-cv-01120-TLN-KJN   Document 13   Filed 07/31/20   Page 27 of 49
BINNS & GENTRY v. (AIG) AMERICAN GENERA-
L LIFE & ACCIDENT
INSURANCE COMPANY

CASE NUMBER:
2:20-CV-1120-TLN-KJN PS

REPRESENTATION WERE IN FACT FALSE

(Continuation of Attachment FR-2.b)

1.) Both of the Defendant's submissions on May 23, 2018 & August 27, 2018 fraudulent duplicated/recreated versions of Policy #5433839134, demonstrate that the Plaintiff's had standing to request for a copy of the Policy #0018000859 & #5433839134 from Defendant's (AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY). (See KEYRON'S PACKET Pgs. 1A, 2A-2B, 5A, 6A; AIG PACKET 5/23/2018 Pgs. 1- 7; AIG PACKET 8/27/2018 Pgs. 1- 7 ) Changed the <u>WEEKLY PREMIUM TWICE</u>.

2.) Policy #5433839134 is in fact an Interest bearing Policy, at (3%) three per cent per year (PAID-UP POLICY, which Life were 63 years.), <u>"Net single premiums as of any given date are those applicable at the Insured's then attained age, which is the Age at Issue plus the period elasped since the Date of Issue."</u> (see SHARIF'S PACKET Pg. 3C) Directly demonstrates the misrepresentation (Intentional/Negligently) by the Defendant's. (see KEYRON'S PACKET Pg. 6A) "Policy 10/543383- <u>9134 is a not an interest bearing policy."</u> (see AIG PACKET 8/27/2018 Pg. 3, Second paragraph) Intentionally/Negligently Misrepresented.

3.) The Defendant's (AMERICAN GENERAL LIFE & ACCIDENT INSURANCE Co.) initial letter's sent to Plaintiff's #1 & #2 on Jan. 08, 2018, to Intentionally/Negligently Misrepresent that we needed a <u>"certified death certificate mailed, which list the Cause of Death."</u> (KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1) Although the Defendant's records show/indicate a maturity letter was mailed to Pamela Morris on July 03, 2016. (see AIG PACKET 5/23/2018 Pgs. 1-2, 10, 20; AIG PACKET 8/27/2018 Pgs. 3 Third Paragraph; also refer to SHARIF'S PACKET Pgs. 1) Upon Plaintiff #2 finding the original Insurance Policy & Premium Reciept Book #5433839134 in March of 2018, and then mailing Plaintiff #1 a photo-copy around March 29, 2018 (see KEYRON'S PACKET Pg. I), is why Plaintiff #1 contacted (CDI) California Dept. of Insurance & (BBB) Better Business Bureau in April. (see 119 LEGAL MAIL LOG pgs . 7-9 ) Defendant's lied about everything, except for the Defendant's silent "Worth" of the Policy #5433839134. (see AIG PACKET 5/23/2018 Pgs. 10, 16-17, 20; AIG PACKET 8/27/2018 Pg. 10; KEYRON'S PACKET Pg. 1; SHARIF 'S PACKET Pg. 1) FRAUD Misrepresented.

4.) Now asto the Defendant's (AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY) May 23, 2018 (AIG PACKET 5/23/2018 Pgs. 1-28) submissions to both Plaintiff's: <u>"response to your correspondence dated May 2, 2018 received from the California Department of Insur-</u> <u>ance on your behalf."</u> The Defendant's has falsely (Intentionally/ Negligently) misrepresented that Plaintiff's Policy #5433839134 <u>"had</u> <u>an annual premium of $28.60,"</u> but the Authentic Contract confirms that the <u>WEEKLY PREMIUM</u> of $55.00, were paid for twenty (20) years, as well as the <u>ADVANCED PREMIUM</u> of $220.00 paid on Aug. 04, 1954 on the Application. (see SHARIF'S PACKET Pgs. 1, 3F,2F-2G; KEYRON'S PACKET Pg. 1; and AIG PACKET 5/23/2018 Pgs. 8, 10, 16-17, 20) FRAUD, Intentional/Negligently Misrepresented to defraud.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

AL LIFE & ACCIDENT
INSURANCE COMPANY

2:20-CV-1120-TLN-KJN PS

(Continuation of Attachment FR-2.b)

Plaintiff's #1 & #2 Mother (Pamela Alice Morris) was in fact living on the anniversary of the Date of Issue immediately preceding the Insured's sixty-fifth birthday (Called the Endowment Date), and all premiums were fully paid-up under the Contract. (see AIG PACKET 5/23/2018 Pg. 10, 16-17, 20) The Defendant's corespondence's to the Plaintiff's on January 08, 2018 is riddled with both <u>One Truth & Intentional/Negligent Misrepresentations</u> (Lies):

<u>One Truth</u> : "If the claim is fifty thousand dollars or more," (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pgs. 1, 2F-2G, 3A-3H, 5A-5T; AIG PACKET 5/23/2018 Pgs. 8-10, 16-17, 20) Defendant's sent Plaintiff's Mother (PAMELA ALICE MORRIS) a Policy Maturity letter on July 03, 2016, with FEDERAL INCOME TAX WITHHOLDING ELECTION, plus has two pages part of the nine (9) page Notary Public done by the Plaintiff #2, also FEDERAL TAX WITHHOLDING ELECTION were signed by Plaintiff #2 also. (see SHARIF'S PACKET Pgs. 2F-2G, 1; also see AIG PACKET 5/23/2018 Pgs. 10, 16-17, 20) Documents support <u>value</u> POLICY.

<u>Intention</u>al/Negligent Misrepresentations: "we will need proof of death for PAMELA MORRIS." "we need a certified death certificate mailed." "The death certificate we received does not provide the cause of death." "We will need an amended death certificate listing the cause of death." (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1; AIG PACKET 5/23/2018 Pgs. 10, 20, 1-2; AIG PACKET 8/27/2018 Pgs. 3, 10) The fact that both Plaintiff's did not have the Copy of the Insurance Policy in the beginning Months of 2018, to find-out that this Insurance Policy #5433839134 has already matured on August 16, 2016, and the Defendant's letter reflected as follow upon Plaintiff #1 requesting a copy: <u>"We cannot send out copies of policies over ten years old, but enclosed is the copy of the application for you records."</u> (see KEYRON'S PACKET Pgs. 2A,5A, 6A; AIG PACKET 5/23/2018 Pgs. 3-10, 24-28; AIG PACKET 8/27/2018 Pgs. 1-10) If Plaintiff #2 (SHARIF ALI GENTRY) had not found our Grandmother's original Insurance Policy #5433839134 & the Premium Receipt Book to the Policy, American General Life & Accident Insurance Company words would have been uncontested, and held as the TRUTH...

5.) Defendant's (AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY) did not bank upon the Plaintiff's finding both the original Insurance Policy & Premium Receipt Book to the Policy #5433839134, especially forwarding the California Department of Insurance (Los Angeles, San Francisco, and Sacramento Officies) & Better Business Bureau all a copy of the Insurance Policy #5433839134 upon requesting their help in this matter. Plaintiff's have more Government Office's that they provided a copy too, before the Defendant's ever filed those two on May 23, 2018 & August 27, 2018, which were Fraudulent versions. (see KEYRON'S PACKET Pgs. 11A-11B; SHARIF'S PACKET Pgs. 3A-3H, 5A-5T) What if the Plaintiff's could not find the Policy or Reciept Book ?

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 20 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

(Continuation of Attachment FR-2.b)

6.) The Defendant's received proof of death documents on Dec. 29, 2017 at 18:09 3232933958 HR VP CHAPEL PAGE 01/09, which were all part of the Notary Public to change the Beneficiary's from Grandmother over to both Plaintiff's. (see AIG PACKET 5/23/2018 Pgs. 11-19, see FAX at the top.) **(Which was never needed anyways August 16, 2016)**

7.) In Plaintiff #1 second letter to the Defendant's on Febuary 12, 2018, Plaintiff #1 is simply asking what is this $500.60 check about, Why does it have a diffrent Claim Number #5433839134, then the prior correspondence by defendant's (Claim Number #0018000859), and lastly the 1% Interest on $500.00 is not ".60¢" ? For second time request-ing a copy of both Claim's ? (see KEYRON'S PACKET Pg. 5A) The Defendant's swiftly responded back "Policy 10/5433839134 is a not an interest bearing policy," the Defendant's also were able to pick up on the fact that Plaintiff #1 did not know that #0018000859 & #5433-839134 are the same Claim/Policy, I believe that it was at this time where American General Life & Accident Insurance Company figured that they swindle the Plaintiff's. (KEYRON'S PACKET Pg. 6A)

8.) The Defendant's then tried to buy Plaintiff #1 off with a second check in the amount of $501.84 this time on April 24, 2018 (see KEYRON'S PACKET Pg. 8A), but did not send Plaintiff #2 a second check in that amount too. Then the Defendant's tried to cover-up the fact they did send me a second check as follows: "The Company recei-ved the enclosed correspondence from you on April 9, 2018 [enclosure 8]. "Because you were questioning the claim payment in your corres-pondence, the claims representative assumed you had not received the check issued to you on January 16, 2018. As such, the claims representative canceled the January 16, 2018 check and reissued Company check 1196872 in the amount of $501.84 to you on April 17, 2018." (see AIG PACKET 5/23/2018 Pg. 2; KEYRON'S PACKET Pg. 7)

9.) Defendant's most damaging Fraud was changing/altering the WEEKLY PREMIUM to reflect "N/A", especially when the Defendant's understood that the Plaintiff's could not contest what they may allege, this one change to this Policy would drastically affect the pay-out. The AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY were also comming at Plaintiff #1 from five separate Officies ( NASHVILLE, TN. 97250; NASHVILLE, TN. 37250; BRENTWOOD, TN. 37027; NASHVILLE, TN. 37230; HOUSTON, TX. 77019), along with four diffrent Analyst (Analyst Candy Johnson, Brentwood, TN. Office; Analyst Sharita Douglas-Lane, Houston TX. Office; Analyst Rosalind Bush, Brentwood TN. Office; Senior Analyst Adriene Whitfield-Swinton, Houston TX. Office)(see KEYRON'S PACKET Pgs. 8A-8B, 5A ; 119 LEGAL MAIL LOG Pgs. 1-14 ; SHARIF'S PACKET Pgs. 3A-3H)

10.) Defendant's second Intentional/Negligent Fraud was to again change/alter the WEEKLY PREMIUM to now reflect ".55¢" after being

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 21 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENE-
RAL LIFE & ACCIDENT
INSURANCE COMPANY

CASE NUMBER: 2:20-CV-1120-TLN-KJN PS

(Continuation of Attachment FR-2.b)

1

2  called out by the Plaintiff #1 asto committing Fraud by changing/

3  altering their May 23, 2018 version of the Insurance Policy #543383-
   9134, in the area of WEEKLY PREMIUM to "N/A." (see KEYRON'S PACKET

4  Pg. 19A; AIG PACKET 5/23/2018 Pgs. 1-2, 7)  Defendant's tries to

5  excuse these changes by now admitting "Unfortunately, the Schedule
   page on the information received did not contain the amount of the

6  weekly premium payable to provide coverage."  "The information requi-

7  red to prepare the duplicate was confirmed by the policy application,
   which is part of the policy file." ("please note the placement of

8  the 55 on the application") (see AIG PACKET 8/27/2018 Pgs. 1, 7)

9  The Plaintiff's original & authenticated Policy #5433839134 does

10  contain the WEEKLY PREMIUM ($55.00), plus list both the dollars-
    cents, which clearly places the $55.00 where it's ment to be, and the

11  Plaintiff's provided the Defendant's a copy of on August 05, 2018.

12  (see KEYRON'S PACKET Pgs. 19A, 18A; SHARIF'S PACKET Pgs. 3A-3H)  The

13  Defendant's here not only disregards the original version of the

14  Insurance Policy #5433839134, which does allege the WEEKLY PREMIUMS
    Paid, but also dimisses the fact of Plaintiff's pointing out on the

15  Application Elizabeth Daw Paid an Advanced Premium of $220.00 on Aug.

16  04, 1954 too. (Defendant's still tries to submit this recreated/
    duplicate version (FRAUD) on Aug.  27, 2018 anyways...)  Plaintiff's

17  was willing to have the (CDI) California Department of Insurance to

18  physically view both the Insurance Policy & Premium Reciept Book to

19  Policy No. #5433839134, which the (CDI) assured the Plaintiff's that

20  our were the Authenticated version. (see KEYRON'S PACKET Pg. 16A)

21  The Defendant's had three (3) Months in between their AIG PACKET
    5/23/2018 submission, which separated the Defendant's AIG PACKET

22  8/27/2018 submissions, plus their were two separate Investigation's

23  going (Aug.13, 2018 & Sept. 11, 2018) on, and called by Analyst Candy

24  Johnson. (see KEYRON'S PACKET Pgs. 13A, 14A)  The Defendant's still
    made the choice to perfrom FRAUD in their second August 27, 2018

25  (AIG PACKET 8/27/2018 Pgs. 1-10), again change/alter WEEKLY PREMIUM.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____ -22 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY | CASE NUMBER: 2:20-CV-1120-TLN-KJN PS |
|---|---|

(Continuation of Attachment FR-2.b)

1  Defendant #5 (Adriene Whitfield-Swinton) submission of AIG PACKET
2  8/27/2018 Pgs. 1-10, this second altered/change of the weekly Premium
3  to ".55¢" in their versions of Policy #5433839134, these are the
4  excuses for the FRUAD: "Unfortunately, the Schedule page on the infor-
   mation recieved did not contain the amount of the weekly premium pay-
5  able to provide coverage. (AIG PACKET 8/23/2018 Pg. 2)  "Weekly
6  Premium:  .55 (please note the placement of the .55 on the application)
7  (AIG PACKET 8/23/2018 Pg. 2)   The Defendant's just disregarded that
   the Plaintiff's did the following: 1.) Provided a photo-copy of the
8  Insurance Policy #5433839134 on August 05, 2018; 2.) Pointed out the
9  fact that Plaintiff's Grandmother paid a Advance Premium of $220.00
   on the Application; 3.) Pointed out the fact that it's FRAUD to change
10 an binding Agreement,made with another Company, as well as omit or
11 insert anything into the Contract after the commencement is FRAUD too;
12 4.) Defendant's should have provided the Plaintiff's with a copy of
   the Insurance Policy #5433839134 upon initial request, "We cannot send
13 out copies of policies over ten years old, but enclosed is the copy of
14 the application for you records." (see KEYRON'S PACKET Pg.6A)  Which
15 is why the Defendant's had kept admitting that they needed to Investi-
   gate (see KEYRON'S PACKET Pgs. 12A, 13A, 14A, 15A), Plaintiff's then
16 felt that it was time to write the President, Secretary, and CEO's of
17 the (AIG) Company (see KEYRON'S PACKET Pgs. 12A,- 15A) INTENTIONAL/
18 NEGLIGENT MISREPRESENTATIONS OF THE TRUTH...

19
   FRAUD (Concealment)
20

21
   On Jan. 14, 2018 Plaintiff #1  recieved a letter dated Jan. 08, 2018
22 from the Defendant's, Plaintiff's #1 replied back on Jan. 22, 2018
23 requesting a copy of the Policy #0018000859, and the Defendant's sends
24 a check in (see Continuation Attachment FR-3.a Pages 24 of 40 - 29 of
   40 )
25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court. |

23 of 40
Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY V. (AIG) AMERICAN GENERAL AL LIFE & ACCIDENT INSURANCE COMPANY | CASE NUMBER: 2:20-CV-1120-TLN-KJN PS |
|---|---|

(<u>Continuation of Attachment FR-3.a</u>)     [<u>NOTE:</u> 1= One in some case only]

the amount of $500.60 with a much diffrent Claim #5433839134 attached

to it, naturally Plaintiff #1 is terribly confused now. (see KEYRON'S

PACKET Pgs. 1A, 2A-2B, 3A)  So the Plaintiff #1 sends another letter

on Feb. 12, 2018 to the Defendant's requesting a copy of both Policies

#0018000859 & #5433839134 ? (Their's various irregularities with the

Check too!)  Unbeknownst to the Plaintiff #1 two red flags had been

raised in this situation: 1.)  Plaintiff's #1 & #2 could not have a

copy of the Insurance Policy, Because in the Defendent's first letter

on January 08, 2018 the Claim #0018000859 is not the original Claim

number;  and 2.)  Plaintiff's would have known that the Claim #543383-

9134 on the $500.60 Check is in fact the real Claim Number issued by

National Life & Accident Insurance Company in 1954, coupled with the

fact that Plaintiff #1 alluded to their being two diffrent Claim's.

Further deception by the Defendant's, the fact that they never indic-

ated "NO" verbel or written letters that Plaintiff's Grandmother

agreement had been made with another Insurance Company, until their

August 27,2018 letter. (see AIG PACKET 8/27/2018 Pg. 2)  When reques-

ting a copy of the Insurance Policy: "<u>We cannot send out copies of</u>

<u>policies over ten years old, but enclosed is the copy of the applicat-</u>

<u>ion for you records.</u>" (see KEYRON'S PACKET Pg. 6A)  The only reason

why the Defendant's submitted their May 23, 2018 packet, were because

the (CDI) California Department of Insurance contacted (AIG) on the

Plaintiff's behalf. (see AIG PACKET 5/23/2018 Pg. 1) (Now providing a

copy of the INSURANCE POLICY #5433839134, which is why (AIG) has also

placed Plaintiff #1 first letter, <u>request policy</u>)(AIG PACKET Pgs.24-28)

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 24 of 40

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENE-RAL LIFE & ACCIDENT INSURANCE COMPANY | CASE NUMBER: 2:20-CV-1120-TLN-KJN PS |
|---|---|

(Continuation of Attachment FR-3.a)

**Defendant's (AIG) concealment of these vital facts and records:**

The Defendant's (AIG) initial acknowledgment letter's for Jan. 08, 2018 did not reveal the following fact's:  1.) That National Life & Accident Insurance Company was the original Insurer; 2.) Concealed the original Policy/Claim number #5433839134, but the Defendant's contacted both Plaintiff's with (AIG's) Policy/Claim number #0018000859, as the results of them beccoming the new Insurers (see KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1); 3.) Defendant's second correspondence with Plaintiff #1, sends a Check ($500.60) out inside the original Policy/Claim number #5433839134, which simply confuse & misleads Plaintiff #1 into thinking that it was <u>two</u> diff-rent Policy/Claims #0018000859 & #5433839134 (Defendant's clever <u>RUSE</u> of trying to gain somekind of insight into what the Plaintiff's know or don't know about the Policy/Claim ?) (see KEYRON'S PACKET Pgs. 1A, 2A, 3A, 5A, 6A); 4.) Defendant's concealed the fact that a Policy/Claim <u>Maturity</u> letter was sent out on July 03, 2016, in exchage for an intentional/negligent misrepresentation: "<u>we need a certified death certificate mailed</u>." "<u>The death certificate we received does not provide the cause of death</u>." "<u>If the claim is fifty thousand dollars or more</u>," (AIG PACKET 5/23/2018 Pgs. 1-2, 10´ ; AIG PACKET 8/27/2018 Pgs. 2-3, 10; KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1) 5.) Defendant's refuse to give Plaintiff's a copy of the Insurance Policy/Claims, despite several request by Plaintiff's. (see KEYRON'S PACKET Pgs. 2A, 5A, 6A, 7A); 6.) Plaintiff #1 asked about the 1% Interest that was supposed to be added to the $500.00 check, and the Defendant's simply again intentionally/negligently misrepresented the follow: "<u>Policy 10/5433839134 is a not an interest bearing policy</u>" (see KEYRON'S PACKET Pgs. 5A, 6A); 7.) Defendant's also intentionally /negiligently misrepresentated the <u>Nonforfeiture Benefits</u> don't apply to fully <u>PAID-UP</u> Policy, but the Insurance Policy #5433839134 says it applies inside of the twenty years, and also subsequent to the twenty years, upon request. (see SHARIF'S PACKET Pgs. 3D-3E;

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not line** numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 25 of 40

SHORT TITLE: Gentry-v-AIG Global Claims Services American General Life And Accident Insurance Company   Case 2:20-cv-01120-TLN-KJN   Document 12 Filed 07/31/20   Page 34 of 49

LIFE & ACCIDENT
INSURANCE COMPANY

CASE NUMBER
2:20-CV-1120-TLN-KJN PS

(Continuation of Attachment FR-3.a)

1  AIG PACKET 8/27/2018 Pg. 3); 8.) Defendant's tried to conceal the
2  fact that the UNDERLINE WEEKLY PREMIUM of $55.00 were paid for twenty (20) years
3  by the Plaintiff's Grandmother. (see SHARIF'S PACKET Pgs. 3F-3H, 5A-
4  5T; AIG PACKET 5/23/2018 Pgs. 7-10) 9.) Upon Plaintiff #1 calling
   out the Defendant's (AIG) in their May 23, 2018 false (FRAUDULENT)
5  submissions (Changing/Altering the Weekly Premium to reflect "N/A",
6  and falsely (FRAUDULENTLY) alleging that Plaintiff's Grandmother paid
   "annual premiums of $28.60." (see AIG PACKET 5/23/2018 Pgs. 1, 7)
7  Three Month's later the Defendant's (AIG) on August 27, 2018 submis-
8  sions, now for the first time confess to the Plaintiff's (CDI & BBB)
   that     : "Unfortunately, the Schedule page on the information
9  received did not contain the amount of the weekly premium payable to
10 provide coverage." (see AIG PACKET 8/27/2018 Pgs. 2 second paragraph,
   7)  Now magnify this first time admission (Aug. 27, 2018) to the
11 Defendant's statement made upon Febuary 12, 2018 to the Plaintiff's:
12 "We cannot send out copies of policies over ten years old, but enclos-
13 ed is the copy of the application for you records." (see KEYRON'S
14 PACKET Pgs. 6A, 5A), when the Plaintiff's had "no" ideal asto what
   the Insurance Policy #5433839134 articulated, but through the mighty
15 GRACE OF GOD Plaintiff #2 (SHARIF ALI GENTRY) was able to find both
16 the original copy of Insurance Policy/Claim #5433839134 & the Premium
17 Reciept Book to the Policy/Claim #5433839134 (August 04, 1954, after
   64 years). (see KEYRON'S PACKET Pg. I)  The Plaintiff's made these
18 Material things clear on August 05, 2018, before the Defendant's tried
19 to submit their Sept. 27, 2018 submission's:  1.) Sending the Defend-
20 ant's a photo-copy of the original Policy #5433839134; 2.) Pointing
   out the Weekly Premium on the Application, demonstrate's a Advance
21 Premium of $220.00 were paid on Aug. 04, 1954; Their is a Premium
22 Reciept Book with this Policy #5433839134, and they needed to take a
   look at it ? (see KEYRON'S PACKET Pgs. 19A, 20A, 14A)  The Defendant's
23 still chose to submit and change/alter the Weekly Premium for a second
24 time (".55¢"). (see AIG PACKET 8/27/2018 Pgs. 2, 7)  Clearly does go
25 to the mind-set of the Defendant's (AIG) Intentional/Negligent too!

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

27 This page may be used with any Judicial Council form or any other paper filed with the court.

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY | CASE NUMBER: 2:20-CV-1120-TLN-KJN PS |

EXEMPLARY DAMAGES ATTACHMENT
(FRAUD & MALICE)

Plaintiff's were forced to Cremate our Beloved Mother, while there was plenty of money owed to the Plaintiff's under this Insurance Policy #5433839134, which was "not" made available at any time to take care of our Mother's Funeral, Burial, and ect.'s, and there was a great possibility that She may have been buried next to her Son (Travon Lee Gentry) ?  This Insurance Policy #5433839134 were taken out upon her behalf in August 04, 1954, which had been fully Paid-Up by August 16, 2016 (20 years of payments at $55.00 weekly premiums), but another 43 years (August 16, 2016) would expire on Policy #5433839134 making it an fully Matured 63 year Endowment. Although Plaintiff #2 went to have the Beneficiary changed over, by first petitioning for a Notary Public on Dec. 27, 2017, which was then forwarded to the Defendant's on Dec. 29, 2017.

1.) On around or about Jan. 18-19, 2018 Plaintiff #1 received a letter dated for Jan. 08, 2018 from the Defendant's, requesting a Cause of Death Policy Claim #0018000859 (see KEYRON'S PACKET Pg. 1), but the Defendant's had already sent off a letter of Congratulaion!  Policy #5433839134 maturity on July 03, 2016.  (see AIG PACKET 5/23/2018 Pg. 10)  First of many Intentional/Negligent Misrepresentation) Letter's & Dates conflict, which ones is TRUE???

2.) Plaintiff #1 sends out two letter's on Jan. 22, 2018, first a request was for a copy of the Insurance Policy Claim #0018-000859 from the Defendant's (see KEYRON'S PACKET Pg. 2A-2B), but the Defendant's answered in the form of a Check for $500.60 (Claim # 5433839134) on Feb. 06, 2018, with a much diffrent Claim Number. (see KEYRON'S PACKET Pg. 3A; Second of many Misrepresentations) Clever RUSE by the Defendant's, insight seeking from Plaintiff's.

3.) Then on Feb. 12, 2018 Plaintiff #1 sends out two letter's, first questioning what was the Check for $500.60 in another Claim number for?  Then secondly requesting a copy of both Claim's #0018000859 & #5433839134?  and finally explaining that 1% Interest on $500.00 is not ".60¢", but $5.00. (see KEYRON'S PACKET Pgs. 5A-5B) This Interest question was directed at the check only. (KEYRON'S PACKET 5A-6A & 5A-5B) (see Continuation of Attachment EX-1. Pgs. of   -   of   )

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

27 of 40
Page

(Continuation of Attachment EX-1.)

4.) Defendant's on Feb. 21, 2018 replies by stating that both Claim Numbers are for the same Policy, but also states: "We cannot send out copies of policies over ten years old, but enclosed is the copy of the application for you records." "Policy 10/543383-9134 is a not an interest bearing policy," (see KEYRON'S PACKET Pgs. 6A-6B; Third, Fourth, and Fifth Misrepresentations of many more to come.) Defendant's clearly did "not" want Plaintiff's to see Policy..

5.) Plaintiff #1 ask the Defendant's why have they not paid us what's owed ? (KEYRON'S PACKET Pg. 7A)  Then the Defendant's forward's another Check for $501.84 to Plaintiff #1 only. (see KEYRONS PACKET Pg. 8A) (Sixth Misrepresentation & Deception of many more to come.) (April 02, 2018-April 24,2018) Why was the second check 4 more?

6.) Plaintiff #1 now reaches out to (CDI) California Depa-rtment of Insurance (Los Angeles, Sacramento, San Francisco) and also the (BBB) Better Business Bureau for help, plus provided each with a Copy of the Insurance Policy #5433839134 too. (see KEYRON'S PACKET Pgs. 11A-11B) (May 02, 2018-May 16, 2018) Acknowledge Fraud!

7.) Defendant's pursuant to (CDI) request forwarded the AIG PACKET 5/23/2018 to Plaintiff's on May 30, 2018.  Defendant's allege that "the policy had an annual premium of $28.60" "Company records show that policy 5433839134 matured on August 16, 2016." "Company records also indicate a maturity letter was mailed to Pamela Morris on July 3, 2016; however, Company records do not show that a completed maturity form was received by the Company." "Because you were questioning the claim payment in your correspondence, the claim representative assumed you had not received the check issued to you on January 16, 2018.  As such, the claims representative canceled the January 16, 2018 check and reissued Company check 1196872 in the amount of $501.84 to you on April 17, 2018." (AIG PACKET 5/23/2018 Pgs. 1-2)  Then this recreated/duplicate Policy #5433839134 has been altered/changed (FRAUD) on the SCHEDULE page in the area of the WEEKLY PREMIUM, to reflect "N/A". (AIG PACKET 5/23/2018 Pgs. 4-10) (Seventh, Eighth, and Ninth Misrepresentation; Altering/Changing the WEEKLY PREMIUM is Fraud; see also KEYURON'S PACKET Pgs. 9A, 12A, 18A, 20A, 16A; SHARIF'S PACKET Pgs. 3A-3H, 5A-5T) Acknowledge Fraud!

8.) Defendant's pursuant to Plaintiff #1 calling them out upon committing Fraud in the AIG PACKET 5/23/2018 submissions, now submitt's AIG PACKET 8/27/2018 submissions.  The Defendant's now for the first time admits "this Policy was issued by another company over 50 years ago," "Therefore, the information previously provided was a manual recreation of the policy terms and conditions.  Unfortunately the Schedule page on the information received did not contain the amount of the weekly premium payable to provide coverage." Defendant's should have lefted the area of WEEKLY PREMIUM blank...

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

28 of 40

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: BINNS & GENTRY v. (AIG) AMERICAN GENER-<br>AL LIFE & ACCIDENT<br>INSURANCE COMPANY | CASE NUMBER:<br>2:20-CV-1120-TLN-KJN PS |
|---|---|

(Continuation of Attachment EX-1.)

8.) "The Company has reviewed your concerns and has enclosed a revis-ed recreation of the policy with the amount of the weekly premium. The information required to prepare the duplicate was confirmed by the policy application, which is a part of the policy file." "Weekly Premium: .55 (please note the placement of the .55 on the applica-tion)" (see AIG PACKET 8/27/2018 Pg. 2) "Therefore, after the 20th. year, the nonforfeiture options of extended term insurance and paid-up endowment insurance were no longer applicable as premiums were no longer due." It's Fraud for a 2nd. time, but mind-set & intent now...

"You also stated your concerns regarding the information provided on page 2 of the enclosed policy wherein it states all values and net premiums that are calculated in the Table of Nonforfeiture Benefits are based on the 1941 Standard Industrial Mortality Table with interest at 3 percent per year. The statement is referring to the calculation of the Table of Nonforfeiture Benefits and does not apply to interest paid on the death benefit."

"As stated in the Company's letters of May 23,2018, and June 26, 2018, the policy matured on August 16, 2016" (see AIG PACKET 8/27/2018 Pg. 2) Then this recreated/duplicate Policy #5433839134 has been altered/changed (FRAUD) on the SCHEDULE page in the area of the WEEKLY PREMIUM for the second time, to now reflect ".55¢". (AIG PACKET 8/27/2018 Pg. 7) Now as part of this AIG PACKET 8/27/2018 Pgs. 1-7 here are atleast seven more Intentional/Negligent Misrepresentations, as well as Intentional/Negligent Fraud, upon admitting that the Schedule page on the information left to the Defendant's were blank, should have remained blank, and "not" alter/change an binding Contract twice.

      The fact that Plaintiff #1 provided the Defendant's with a photo-copy of the original Insurance Policy #5433839134 on August 05, 2018 (see KEYRON'S PACKET Pg. 19A), between two separate Investigations (May 23, 2018 & August 13, 2018) called by two diffrent Analyst's (see KEYRON'S PACKET Pgs. 12A, 13A, 9A, 10A), but before the Defendant's submitted their August 27, 2018 a revised recreation of the Policy #5433839134, and harbored the mind-set to still change the WEEKLY PREMIUM a second time to ".55¢". (see AIG PACKET 5/23/2018 Pgs. 1-2,7; AIG PACKET 8/27/2018 Pgs. 2-3, 7; SHARIF'S PACKET Pgs. 3A-3F) Plain-tiff #1 beleives this emphasizes Intentional/Negligent Misrepresent-ation, the Defendant's only came forward with any truth, when (CDI) California Department of Insurance start making an inquiry upon the Plaintiff's behalf. The only reason why the Defendant's did not get away with this fraud, was because Plaintiff #2 found both our Grand-mother copy of the Insurance Policy & Premium Reciept Book to the Policy #5433839134 (1954 is a long time, but what about other people who could not locate theirs ???)... ALL OTHER ENDOWMENT POLICY WITH NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, SHOULD BE INVESTIGATED IF HANDLED BY THE DEFENDANT'S (AIG).

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

29 of 40

Page _____

## E.  REQUEST FOR RELIEF

State the relief you are seeking:
(See following Attach Pages)

_____

_____

_____

_____

_____

_____

_____


I declare under penalty of perjury that the foregoing is true and correct.

Executed on __July   27__ , 2020          XX _____
              DATE                                             SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## PRAYER FOR RELIEF

DECLARATORY JUDGMENT: This Court <u>GRANT</u> the Plaintiff's #1 & #2 this Judgment against the Defendant's ([AIG] AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY) for <u>BREACH OF CONTRACT</u>, failure to pay-out the terms under the <u>Contractual Obligations</u> set-out inside the Insurance Policy/Claim #5433839134: <u>Net Single Premium</u> of <u>$57,200.00</u> (WEEKLY PREMIUMS of $55.00 for twenty years), the <u>Nonforfeiture Benefits</u> upon a <u>fully Mature & Paid-Up</u> Policy/Claim (Both <u>within</u> & <u>subsequent</u> to the twenty years.) at least <u>$20,267.66</u>, and the <u>3%</u> <u>Interest</u> for the <u>63</u> year <u>LIFE</u> span of the Insurance Policy/Claim #5433839134.  <u>GRANT</u> in favor of Plaintiff's #1 & #2 against the Defendant's (AIG) for <u>FRAUD</u>: 1.) Intentional/Negligent Misrepresent-ation's, 2.) Altering/Changing a binding Contract (TWICE) with the direct intent to defraud what's owed to Plaintiff's, and the direct Concealment of material facts (Insurance Policy #5433839134) with the direct intent to defraud Plaintiff's of what's owed.  <u>GRANT</u> in favor of <u>Punitive Damages</u>, as well as any other Damage's this Honorable Court deems appropriate,  fair, and just.

INJUNCTIVE RELIEF: To be immediately be fully compensated by the term's & condition's under the Insurance Policy #5433839134, includ-ing all Interest (3%) incurred to date, Nonforfeiture Benefit's.

COMPENSATORY DAMAGES: Plaintiff's are requesting first that all <u>Values</u> under the Insurance Policy/Claim #5433839134 be fulfilled immediately.  The <u>Net Single Premium</u> of <u>$57,200.00</u>; the <u>Nonforfeit-ure Benefits</u> (Both within & subsequent to the twenty years) at least <u>$20,267.66</u> which is within the first twenty years, but also subseq-uent to the twenty years, <u>Upon Request</u>; and then the <u>3% Interest</u> for the <u>63</u> years LIFE of Policy/Claim #5433839134, which Plaintiff #1 math come inside of an total somewhere inside <u>$838,086.44</u>.

PRAYER FOR RELIEF

PUNITIVE DAMAGES: Insurance Policy #5433839134 was fully PAID-UP on July 30, 1974, inside the twenty (20) year span of time (Aug. 04, 1954 - Aug. 16, 1974), and this Insurance Policy #5433839134 were active for over Six Decades (August 16, 1954 through August 16, 2016). The Defendant's on Jan. 08, 2018 has both Plaintiff's involve in a meaningless hunt/search for an death Certificate that "list the cause of death", for an Insurance Policy #5433839134 that had already fully "matured" on Aug. 16, 2016, and the Defendant's allege that their records shows that a letter were sent out to Pamela Morris on July 03, 2016. (AIG PACKET 5/23/2018 Pgs. 1-2, 10; AIG PACKET 8/27/2018 Pgs. 2-3, 10; KEYRON'S PACKET Pg. 1; SHARIF'S PACKET Pg. 1) "Not one red hot cent was made available to the Plaintiff's in an effort of taking care of our Beloved Mother's Funeral or Burial," although She did out live the Policy by over 16 Months. SO PLAINTIFF'S ARE REQUESTING $10,000,000.00 FOR EACH DECADE THAT ELASPED DURING THE INSURANCE POLICY #543383-9134 commencement to maturity... ($60,000,000,00)

Plaintiff #1 was quadrupled teamed by (AIG) Analyst's as follows: Analyst Candy Johnson, Brentwood, TN. 37027 Office; Analyst Sharita Douglas-Lane, Houston, TX. 77019 Office; Analyst Rosalind Bush, Brentwood, TN. 37027 Office; Senior Analyst Adriene Whitfield-Swinton, Houston, TX. 77019 Office, which have all at diffrent points Intentional/Negligently Misrepresented the Policy #5433839134. Now three of the four Analyst's admits the the Insurance Policy #5433839134 had a maturity date of Aug. 16, 2016 (KEYRON'S PACKET Pgs. 16B; AIG PACKET 5/23/2018 Pgs. 1-2, 10; AIG PACKET 8/27/2018 Pgs. 2-3, 10), and plus Two of the Analyst's was fraudulently responsible for altering/changing the Weekly Premiums with the intent to defraud. (AIG PACKET 5/23/2018 Pgs. 1, 7; AIG PACKET 8/27/2018 Pgs. 1, 7) SO PLAINTIFF'S ARE REQUESTING $10,000,000.00 per ANALYST'S...($40,000,000.00)

Now for infliction of Mental Anguish, Emotional Distress, Mental Suffering and the pain of having to Cremate our Beloved Mother on Jan. 05, 2018, apposed to having the opportunity to

PRAYER FOR RELIEF

to bury her next to her Son (Travon Lee Gentry, D.O.D. 4/29/2008), plus has forever taken Plaintiff #1 ability to go visit the grave site upon being Paroled from Prison. (I was already prevented from participating in her Funeral, because of my Incarceration.) Plaintiff #2 still have a outstanding Bill's over his head, which is why on Jan. 05, 2018 we had to take care of her affair's. (see SHARIF'S PACKET Pg. 4A)   PLAINTIFF'S REQUESTING $50,000,000.00 FOR PAIN & SUFFERING. (63 years on a fully PAID-UP Insurance Policy, that the Defendant's admit had fully MATURED on August 16, 2016, plus also admit that their Company records shows that a letter was sent out to Pamela Morris on July 03, 2016.  The two January 08, 2018 letter's from the Defendant's to both Plaintiff's Intentional/ Negligently Misrepresenting that we need a cause of death, and upon Plaintiff #2 getting the Notary Public done on Dec. 27, 2017, then submitting it to the Defendant's on Dec. 29, 2017 the MONEY to take care of our Mother affairs should have been done then... A TOTAL PUNITIVE DAMAGES OF $150,000,000.00.

Imagine this: The most important part & space inside of the National Life & Accident Insurance Company Policy #5433839134 was allegedly left blank the Defendant's admitted, only because the Plaintiff's had found the original Policy from 1954 issued to our Grandmother (Elizabeth Daw), and then calling the Defendant's out upon their May 23, 2018 Intentional/Negligent Misrepresentation. (It's easy to make an excuse once the Defendant's clearly got cought committing FRAUD, what if we did not find this Policy ? What about other Policy from National Life & Accident Insurance Company Policy that could not find their's ???)   Defendant's (AIG) letter dated for July 03, 2016, acknowledging that Policy #5433839134 would be maturing on Aug. 16,2016 (Utilized the original Policy/Claim number) but the Defendant's letter's to both Plaintiff's #1 & #2 on Jan. 08, 2018 utilized Policy/Claim Number #0018000859 ?  Plaintiff's made the President, Secretary, CEO's of AIG aware of all the direct deceptions and misrepresentation. (see KEYRON'S PACKET Pg. 20A) Finding the original Insurance Policy & Premium Receipt Book for Policy #5433839134 (64 years old)...  How many People did AIG beat?? NO OTHER FAMILY SHOULD EVER HAVE TO ENDURE ANYTHING LIKE THIS....

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes        N/A

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes        N/A

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes        N/A

☐ No

☐ Do not know

If yes, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
      concerning the facts relating to this complaint?

      ☐ Yes                                    N/A

      ☐ No

      If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
      other correctional facility?

      ☐ Yes

      ☐ No

E.    If you did file a grievance:

      1.    Where did you file the grievance?

      2.    What did you claim in your grievance?

                                               N/A

      3.    What was the result, if any?

                                               N/A

      4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
            not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

                                               N/A

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

N/A

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Same Plaintiff's as in this Civil Complaint

Defendant(s)    Same Defendant's as in this Civil Complaint

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

4.    Name of Judge assigned to your case

5.    Approximate date of filing lawsuit

Sometimes in July.

6.    Is the case still pending?

☒ Yes

☐ No

If no, give the approximate date of disposition.

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

N/A

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     _____

3.   Docket or index number

     _____

4.   Name of Judge assigned to your case

     _____

5.   Approximate date of filing lawsuit

     _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  July 27, 2020

Signature of Plaintiff

Printed Name of Plaintiff    Keyron Lamonte Binns

Prison Identification #    E94600

Prison Address    Folsom State Prison

Folsom    CA.    95763
    *City*        *State*     *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

    *City*        *State*     *Zip Code*

Telephone Number

E-mail Address

## PROOF OF SERVICE BY MAIL

I, KEYRON L. BINNS_____, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: ___#E94600_____.

MY PRISON ADDRESS IS: P.O. BOX 950, Folsom, CA 95763.

ON __July 27,_____, 20 20 I SERVED A COPY OF THE FOLLOWING DOCUMENT:      Motion for Enlargement of 20 days to file First Amended Civil Complaint (Good Cause!) REQUEST FOR ENLARGEMENT OF TIME.

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS INTO A SEALED ENVELOPE WITH POSTAGE FULLY PAID, INTO THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, AND ADDRESSED AS FOLLOWS:

TO: UNITED STATES COURTS, OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT, FOR THE
EASTERN DISTRICT OF CALIFORNIA
501 1 St., STE 4-200
Sacramento, CA. 95814-2322

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED __July 27,_____, 20 20, AT REPRESA, CALIFORNIA.

XX _____
Signature