UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYRON LAMONTE BINNS, | No. 2:20–cv–1120–TLN–KJN PS |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., et al., | |
| Defendants. | |

Plaintiff Binns is a state prisoner, proceeding pro se.[1] On June 3, 2020, plaintiff filed a civil rights complaint against his insurance company and certain employees thereof, and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF Nos. 1, 2.) The court found Plaintiff Binns satisfied Section 1915,[2] screened the complaint, and found it failed to state a claim because defendants were private citizens and not liable under 42 U.S.C. Section 1983. (See ECF No. 7.) The court granted leave to amend, and after an extension of time, a first

---

[1] This case proceeds before the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

[2] The complaint also references an alleged plaintiff Gentry, who also submitted an application to proceed in forma pauperis. The court did not explicitly rule on Gentry's motion in the previous order, as Gentry did not sign the complaint. Gentry has not signed the first amended complaint either. See Fed. R. Civ. P. 11. Thus, this screening order is effective for plaintiff Binns only. Should Gentry believe he has a claim under the alleged insurance policy, he may file his own complaint, refile his IFP application, and file a notice of related cases. See Local Rule 123.

1

amended complaint was filed. (ECF No. 12.) The court now screens this amended complaint.

The amended complaint again asserts claims under Section 1983 against the insurance company and its employees. As the court previously informed Binns, these claims are not cognizable and must be dismissed. Rabieh v. Paragon Sys. Inc., 316 F. Supp. 3d 1103, 1109 (N.D. Cal. 2018) ("It is generally presumed that private individuals and entities do not act 'under color of state law' within the meaning of § 1983.") (citing Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011)). However, the complaint also references "breach of contract, fraud, intentional/negligent misrepresentation," and refers to an insurance policy allegedly issued by defendant "American General Life and Accident Insurance Company" with damages over $75,000. (ECF No. 12 at 5.) The amended complaint also claims diversity jurisdiction, as it states (liberally construed) that the parties are residents of different states. Without making any ruling on the substance of the claims in the first amended complaint, the court finds the potential for cognizable claims. This order does not preclude any defendant from challenging diversity jurisdiction, whether any claims have been sufficiently stated, or any other such dismissal motion under Rule 12 of the Federal Rules of Civil Procedure. However, service of the breach of contract, fraud, and misrepresentation claims may proceed past the screening stage.

Given that Plaintiff Binns is currently incarcerated, he is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1); see also, e.g., Boccio v. Am. Bible Soc., 637 F. Supp. 2d 65, 67 (D. Mass. 2009) (rejecting the assertion that a filing fee is not required for cases relating to subjects other than conditions of confinement, as Section 1915(b) calls for a "prisoner" to pay the full filing fee when bringing any civil action). By this order, Binns will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from Binns's trust account and forward it to the Clerk of the Court. Thereafter, Binns will be obligated for monthly payments of twenty percent of the preceding month's income credited to Binns's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Binns's account exceeds

$10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff Binns is obligated to pay the statutory filing fee of $350.00 for this action. He is assessed an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;
2. Service is appropriate for the defendants named in the first amended complaint (ECF No. 12 at 2-3.);
3. The Clerk of the Court shall send Binns [7] USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed July 31, 2020;
4. Within thirty days from the date of this order, Binns shall complete the attached Notice of Submission of Documents and submit the following documents to the court:
    a. The completed Notice of Submission of Documents;
    b. One completed summons;
    c. One completed USM-285 form for each defendant listed in number 3 above;
    d. [8] copies of the endorsed complaint filed July 31, 2020; and
5. Plaintiffs need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Dated: August 4, 2020

/binn.1120

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYRON LAMONTE BINNS,<br><br>            Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., et al.,<br><br>            Defendants. | No.  2:20–cv–1120–TLN–KJN PS<br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_              completed summons form

    \_\_\_\_              completed USM-285 forms

    \_\_\_\_              copies of the _____
                                          Complaint

DATED:

                                                          _____
                                                          Plaintiff