Jodi K. Swick No. 228634
John T. Burnite No. 162223
**McDOWELL HETHERINGTON LLP**
1 Kaiser Plaza, Suite 340
Oakland, CA 94612
Telephone:   510.628.2145
Facsimile:   510.628.2146
Email:   jodi.swick@mhllp.com
         john.burnite@mhllp.com

Attorneys for Defendants
BRIAN DUPERREAULT and
AMERICAN GENERAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYRON LAMONTE BINNS (PLT. #1) & SHARIF ALI GENTRY (PLT. #2),<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY (AIG), et al.; ANALYST CANDY JOHNSON; ANALAYST SHARITA DOUGLAS-LANE; ANALYST ROSALIND BUSH; ADRIENE WHITFIELD-SWINTON; BRIAN DUPERREAULT; MARIA DAY, and JANE & JOHN DOE (8-11),<br><br>Defendants. | Case No. 2:20-cv-1120-TLN-KJN (PS)<br><br>**DEFENDANTS BRIAN DUPERREAULT AND AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>Date/Time/Location: L.R. 230(l) |

## I.   ARGUMENT

Defendants Brian Duperreault and American General Life Insurance Company (collectively "Defendants") file this Reply to Plaintiff's Objections to the Honorable Magistrate Judge Newman's Findings and Recommendations in order to underscore that the recommended dismissal should be <u>with prejudice</u> as to all claims asserted in Plaintiff's First Amended Complaint ("FAC"). Like ships passing in the night, Plaintiff's filings have failed to squarely address the fundamental flaws in his arguments as identified by Defendants and Magistrate Judge

Case No. 2:20-cv-1120-TLN-KJN (PS)   1

DEFENDANTS BRIAN DUPERREAULT AND AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

Newman. It is therefore appropriate, and within the Court's discretion, to dispose of Plaintiff's state law claims with prejudice and relieve Defendants of the burden and expense of responding to these meritless claims yet again.

A court may resolve contractual claims on a motion to dismiss if the terms of the contract are unambiguous. *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1084 (N.D. Cal. 2012); citing *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir.2000). Here, Magistrate Judge Newman applied the "legal certainty test" for federal subject matter jurisdiction and found that the terms of the insurance contract expressly limit Plaintiff's possible recovery to the "maximum amount of insurance" denoted on the face of Plaintiff's copy of the policy, which is $1,000.00 (or, at most, something closely tethered thereto). Dkt. 42 at 4. In fact, as Magistrate Judge Newman also recognized and as Plaintiff admits, Plaintiff and his brother were actually *paid* this money, further limiting their potential recovery. *Id.* at 2. All of these facts are evident from the FAC itself and the unambiguous terms denoted on the face of the insurance policy.

Leave to amend is ordinarily granted "unless [the Court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir.1990)). Factors that weigh against leave to amend include "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

All of these factors are present here. Plaintiff's attempt to contort clear policy terms and irrelevant formulae into bases for exponential growth are properly viewed as a bad faith attempt to secure federal jurisdiction. Plaintiff made no attempt to address Magistrate Judge Newman's earlier order regarding his misguided Section 1983 claims. *See* Dkt. 42 at 5-6 (recommending such claims be dismissed with prejudice). While it is true that Plaintiff has not yet violated judicial admonishment regarding his state law claims, as he has with the Section 1983 claims, it

Case No. 2:20-cv-1120-TLN-KJN (PS)    2

DEFENDANTS BRIAN DUPERREAULT AND AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

is abundantly clear that no additional facts could be alleged to salvage the state law claims. Permitting amendment would therefore be futile and would only serve to prejudice Defendants. This Court has within its discretion the ability to prevent such waste, and Defendants therefore respectfully urge that the FAC be dismissed with prejudice in its entirety.

Dated:  August 26, 2021                    McDOWELL HETHERINGTON LLP


By: _____
　　Jodi K. Swick
　　John T. Burnite


Attorneys for Defendants
BRIAN DUPERREAULT and
AMERICAN GENERAL LIFE INSURANCE COMPANY

Case No. 2:20-cv-1120-TLN-KJN (PS)          3

DEFENDANTS BRIAN DUPERREAULT AND AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

# CERTIFICATE OF SERVICE
Binns, *et al.* v. American General Insurance Company, *et al.*
U.S. District Court, Eastern District of California, Case No2:20-cv-1120-TLN-KJN (PS)

At the time of service I was over 18 years of age and not a party to this action. I am employed by McDOWELL HETHERINGTON LLP. My business address is 1 Kaiser Plaza. Suite 340, Oakland, CA 94612. My business telephone number is (510) 628.2145; my business fax number is (510) 628.2146. On August 26, 2021, I served the following document(s):

**DEFENDANTS BRIAN DUPERREAULT AND AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

on the person(s) listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| Keyron Lamonte Binns CDCR #E94600<br>Folsom State Prison 1-A1-20U<br>P.O. Box 950<br>Folsom, CA 95763 | Plaintiff |
| Sharif Ali Gentry<br>13507 Mistle Toe Avenue<br>Chino CA 91710 | Plaintiff |

**Via Mail**

[X] By enclosing a true and correct copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection in the offices of McDowell Hetherington LLP in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on this same day.

I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

EXECUTED on August 26, 2021, at Oakland, California.



Wilma Cabrera

Case No. 2:20-cv-1120-TLN-KJN (PS)            4

CERTIFICATE OF SERVICE